Mr. Justice Scott delivered the opinion of' the Court. This action was to charge the endorser of a promissory note. The first count was the usual one. The second setup a promise after maturity, the defendant then well knowing that the note had not been duly presented to the maker. To these were added counts for money lent and for money paid. The plea was non-assumpsit, and the issue upon it submitted to the court as to a jury by consent. Upon tlpe evidence, the court found for the plaintiff, and rendered judgment accordingly; from which the defendant appealed, having first moved for a new trial which was overruled, to which he accepted, and in his bill of exceptions set out all the evidence. The question in this case is, whether or not there was a waiver of demand and notice.. It appears that the defendant resided some distance from Camden, where the makers lived, and where the note was executed. That he had regularly endorsed the note some time before its maturity, and that it was in the hands of the plaintiff’s attorney in Camden. That, a few days before the maturity of the note, the defendant happened in Camden. That the plaintiff’s attorney, telling him that he had the note, reminded him that it would be due in a few days, and that the makers had left the place. To this, the defendant replied that, “he owed the note, that it was all right, that he had endorsed it to pay it, and that if he was not there to pay it when it became due, that his agent, (Hugh W. Ashley, who was also present at the conversation,) would do so, he (Ashley) having notes and accounts of defendant’s in his hands.” To this, Ashley, upon being addressed by the plaintiff’s attorney, replied that he would pay the notes, when he should have collected money out of the notes and accounts of the defendant. To which, addressing the defendant, the attorney remarked to him, that if the agent Ashley should pay the note by the 1st February then next following, he would give indulgence until that time. That, about the 10th February, the plaintiff’s attorney applied to Ashley for the money, who replied that he had then no money in his hands belonging to the defendant; that he had had one hundred dollars, but the defendant had come over and drawn it out. Ashley was also examined as a witness, and the only discrepancy between his testimony and that of the witness is as to one of the particulars of the interview at Camden, he testifying that, on that occasion, the defendant said, “he intended to pay the note, and that he (meaning the witness) had notes and assets on hand belonging to him (the defendant,) and that he would pay it out of them.” The general rule applicable to the case before us is this, expressed by Judge Story, in his work on Promissory Notes: “The commercial law having required due presentment and due notice of the dishonor of a note, as conditions attached to the obligation of the endorser, these acts are ordinarily deemed indispensable to be performed before the endorser is charged with absolute responsibility. Still, however, the doctrine is subject to equitable exceptions and reasonable qualifications, whenever circumstances absolutely prevent a due compliance therewith, or the holder has a reasonable excuse for his non-compliance, or the endorser by his acts or language has dispensed with strict compliance, or he has upon full knowledge of all the circuía-stances waived his strict rights as to due presentment and notice.” (Story on Prom. Notes, p. 456, sec. 368.) He also says that, in cases where the promise to pay is made after the maturity of the note, stronger circumstances will be required to justify the inference of a waiver of the want of due demand and notice than in cases of a promise made prior to the maturity. (Ib., p. 322, sec. 280.) And as to what shall be a sufficient proof of waiver, he says-: “It is not necessary that an express promise should be made absolutely to pay the note in totidem verbis. It will be sufficient if, by reasonable intendment and interpretation, the language imports or naturally implies a promise to pay it.” (Ib., p. 451, sec. 364.) And Mr. Greenleaf, in his work on Evidence, laying down the law in the same way, adds, upon numerous authorities, which he cites to sustain the law as he states it, that such a promise (express or implied) will be sufficient, “ even although conditional as to the mode-of payment.” 2 Greenl. Ev., p. 183, sec. 190. In the case of Union Bank of Georgetown vs. McGruder, (7 Peter's R. 287,) the supreme court of the United States held that the question, whether or not the facts and circumstances shown by the evidence amount to a waiver, is not a matter of law, but a matter of fact, to be determined by the jury. This was the ■only question decided in the case. In the light of these authorities, the case at bar is perfectly clear. There is abundant testimony to sustain the finding-of the court sitting as a jury, that there was a waiver of demand and notice. Indeed, it is a much stronger case than several that have been adjudged in-courts of the highest authority, as where the endorser said to the holder, before maturity, “that he would pay the note, if, at maturity, it were not -paid by any other party.” (Bard vs. Cleveland, 5 Pick. R. 525.) So, where before maturity the endorser told the holder of the note-“to give himself no uneasiness about it, he would see him paid.” So, also, in cases after maturity where the endorser has had full knowledge of all the facts touching his rights, his declaration that “ he would see the note paid,” has been held sufficient proof of his waiver of notice; and so an acknowledgment that “it must be paid,” and of a promise that “be would set the matter to rights.” Story on Prom. Notes, page 451, sec. 364, and cases there cited in note 1. Finding no error in the record, the judgment must be affirmed, and we shall award to the plaintiff below ten per cent, damages upon the judgment in the circuit court in his iavor.